UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC,<br><br>        Plaintiff,<br><br>   vs.<br><br>RYAN FRAGA,<br><br>        Defendant. | Civil Action No. 11-cv-11789<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, Liberty Media Holdings, LLC (hereinafter "Plaintiff") files this complaint for copyright infringement against Mr. Ryan Fraga ("Fraga") and alleges as follows:

**NATURE OF THE CASE**

1. Plaintiff is the registered owner of the copyright to a motion picture, "Down on the Farm" (hereinafter the "Motion Picture"). A true and correct copy of the Certificate of Registration for the Motion Picture is attached hereto as Exhibit 1.

2. Fraga unlawfully reproduced and distributed Plaintiff's Motion Picture using the BitTorrent file transfer protocol.

3. Plaintiff seeks redress for Fraga's infringement of its exclusive rights in the Motion Picture, and for injunctive relief to stop Fraga from continuing to infringe upon Plaintiff's copyrighted works.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, et. seq., and 28 U.S.C. §§ 1331 and 1338(a).

5. Fraga resides in the Commonwealth of Massachusetts; he has committed unlawful and tortious acts within the Commonwealth of Massachusetts with the full knowledge that his acts would cause injury in the Commonwealth. As such, Fraga has sufficient contacts with this judicial district to permit the Court's exercise of personal jurisdiction.

6. Plaintiff's claims arise out of Fraga's conduct, which gives rise to personal jurisdiction over Defendant.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

## THE PARTIES

8. Plaintiff is a California limited liability company with a mailing address of 302 Washington Street, Suite 321, San Diego, CA 92103.

9. On information and belief, Fraga is an individual with a principal place of residence at 19 Cortes Street Apt 10, Boston, MA 02116.

## BACKGROUND

10. On May 6, 2011, Plaintiff filed a lawsuit with this court entitled *Liberty Media Holdings, LLC v. Swarm Sharing Hash AE3 and Does 1–38*, 11cv10802-WGY (the AE3 Litigation). The reason for that lawsuit was that Plaintiff had identified a number of anonymous individuals who were illegally copying and distributing a particular infringing copy of the Motion Picture over the internet by use of the BitTorrent protocol. The copy of the Motion

Picture being distributed was assigned the unique identifier (or Hash Code) AE340D0560129AFEE8D78CE07F2394C7B5BC9C05 ("AE3 Hash").

11. Given the nature of the internet, the John Doe defendants identified in the AE3 Litigation could only be identified by their Internet Protocol ("IP") address. On May 11, 2011, however, the court granted Plaintiff's motion for early discovery to obtain the subscriber information for the Doe defendants from their Internet Service Providers ("ISP").

12. The individual identified as Doe 19 in the AE3 Litigation was caught using IP Address 24.218.109.54 at 07:31:48 UTC to copy and distribute the Motion Picture. A copy of the investigator's declaration attesting to this fact is attached hereto as Exhibit 2. The records of Comcast Corporation show that this IP address was assigned to Fraga at the time in question.

13. When counsel for Plaintiff contacted Fraga regarding AE3 Lawsuit, and after counsel advised Fraga to seek legal representation, Fraga admitted to using BitTorrent to download and share the Motion Picture. Fraga took the position that the unlicensed copying and distribution of the Motion Picture over a BitTorrent file sharing network was somehow not illegal.

14. Fraga, who was Doe 19, has been dismissed from the AE3 Litigation in lieu of the present proceeding. Given Fraga's admissions, Plaintiff has opted to pursue its cause of action against him individually.

## COUNT I

## COPYRIGHT INFRINGEMENT 17 U.S.C. § 501

15. Plaintiff re-alleges and incorporates by reference the allegations contained in each paragraph above.

16. Plaintiff is, and at all relevant times has been, the copyright owner of the Motion Picture infringed upon by Fraga.

17. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Motion Picture and to distribute it — rights which Fraga maliciously and intentionally infringed upon.

18. Plaintiff is informed and believes, and on that basis alleges, that Fraga without the permission or consent of Plaintiff, has used, and continues to use, the BitTorrent file transfer protocol to make unauthorized copies of the Motion Picture, to distribute the Motion Picture to the public, and/or make the Motion Picture available for distribution to others, including other BitTorrent users. In doing so, Fraga has violated Plaintiff's exclusive rights of reproduction and distribution. Fraga's actions constitute infringement of Plaintiff's copyrights and exclusive rights under the Copyright Act.

19. Plaintiff is informed and believes and on that basis alleges that the foregoing acts of infringement were willful and intentional.

20. As a result of Fraga's infringement of Plaintiff's copyrights and exclusive rights under the Copyright Act, Plaintiff is entitled to either actual or statutory damages pursuant to 17 U.S.C. § 504(c), and to its attorney fees pursuant to 17 U.S.C. § 505.

21. The conduct of Fraga is causing and will continue to cause Plaintiff great and irreparable injury. Such harm will continue unless Fraga is enjoined from such conduct by this

Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Fraga from further infringing Plaintiff's copyrights, and ordering Fraga to destroy all copies of the Motion Picture made in violation of Plaintiff's exclusive rights under the Copyright Act.

## COUNT II

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

22.     Plaintiff re-alleges and incorporates by reference the allegations contained in each paragraph above.

23.     It is helpful to think of the process of "torrenting" in the context of a constructed puzzle. In furtherance of sharing this puzzle, it is deconstructed into tiny pieces, each of which are associated with the file's hash code. These pieces are then uploaded and distributed among one or more peers. When an infringer seeks to download the original file, he downloads a torrent file containing information on where each piece can be found, that is, how to find and contact each peer. This torrent file is capable of locating all the unique pieces that make up the original file (and any additional copies of each piece that may be available). Once all the pieces are located and downloaded they are reconstructed back into the original order completing the entire original copyrighted file.

24.     When users all possess the same infringing work with the same exact hash value (as in this case), it is because each infringer possesses an <u>exact</u> digital copy, containing the exact bits unique to that file, of the original work.

25.     By publishing the AE3 Hash file to the BitTorrent network, Fraga contributed to the download, upload, and distribution of the Motion Picture to other members of the AE3 Swarm.

26.    As each of the numerous people who illegally downloaded the Motion Picture, they derived portions of their illegal replication of the file from multiple persons, including but not limited to Fraga.

27.    Fraga knew of the infringement, was conscious of his own infringement, and was conscious of the fact that he contributed to the infringing distribution of Plaintiff's Motion Picture.

28.    Fraga profited from his contributory infringement by way of being granted access to higher speed downloads and a greater library of other infringing works, some of which belonged to the Plaintiff and some of which belonged to other copyright owners.

## PLAINTIFF'S REQUEST FOR RELIEF

29.    For an injunction providing:

Fraga shall be and hereby is enjoined from directly or indirectly infringing upon the Plaintiff's copyrights in the Motion Picture or any other works, whether now in existence or later created, that are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiff's works, to distribute (i.e., upload) any of Plaintiff's works, or to make any of Plaintiff's works available for distribution to the public, except pursuant to a lawful license or with the Plaintiff's express consent. Fraga also shall destroy all copies of Plaintiff's works that Fraga has downloaded onto any computer hard drive or server and shall destroy all copies of those downloaded works transferred

onto any physical medium or device in Fraga's possession, custody, or control.

30. For damages for each infringement of the copyrighted work pursuant to 17 U.S.C. § 504. These damages may be actual or statutory, but if statutory damages are elected, Fraga's acts were willful in nature, justifying an award of up to $150,000.00 per infringement, and Plaintiff reserves the right to make such an election.

31. For Plaintiff's costs in this action.

32. For Plaintiff's attorneys' fees incurred in bringing this action.

33. For such other and further relief, either at law or in equity, general or special, to which the Plaintiff may be entitled.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS


Dated: October 9, 2011

Respectfully submitted,

LIBERTY MEDIA HOLDINGS, LLC

By its attorneys,

/s/ Aaron Silverstein
Aaron Silverstein, Esq.
(BBO #660716)
SAUNDERS & SILVERSTEIN LLP
14 Cedar Street, Suite 224
Amesbury, MA 01913
P: 978-463-9100
F: 978-463-9109
E: asilverstein@massiplaw.com