## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS

LIBERTY MEDIA HOLDINGS, LLC,

Plaintiff,

v.   Civil Action No. 11-cv-11789-WGY

RYAN FRAGA,

Defendant.

## MOTION TO DISMISS

Defendant, Ryan Fraga, files this response to Plaintiff's opposition and alternatively moves to Dismiss. Defendant contacted Plaintiff's attorney regarding an issue with the Copyright registration filed in this case. While the letter I sent debated some of the merits of the case which will not be argued in this response, Defendant pointed out to Plaintiff's counsel that the Copyright Registration entered in this case is for "Corbin Fisher Amateur College Men Down on the Farm." However, the Title of this film is "Down on the Farm." Plaintiff's application failed to comply with Copyright Form PA's instructions. This noncompliance, along with various statutory and regulatory requirements not being followed, render this Copyright Registration invalid and requires dismissal of the case pursuant to Section 411 of the Copyright Act. Form PA requires the applicant to copy the Title of the work exactly as it appears on the work. This failure to do so is a material error. Upon information and belief, the Copyright Office would not have registered the copyright had they been aware of the inaccurate information in the application.

Defendant explained his position in a letter to Plaintiff's counsel (the letter is copied in relevant part starting in the next paragraph). Counsel's only response was that Defendant was wrong and that he would not speak to the Defendant any further and that Defendant needed to have an attorney contact Counsel on Defendant's behalf. Defendant was attempting to resolve this matter without the expense of hiring an attorney based on Defendant's conversation with the Copyright Office and subsequent research which further supported the position that the registration was invalid. Defendant is in a state of disbelief since Plaintiff's counsel repeatedly called Defendant to pressure settlement prior to even sending Defendant any written correspondence or paperwork involving this lawsuit. Plaintiff's counsel found it appropriate at that

time to discuss this matter with the Defendant even though it was obvious that Counsel had woken Defendant up and Defendant was clearly disoriented. This change of position is highly questionable and is obviously done so that Defendant is forced to choose between either spending money hiring an attorney, paying Plaintiff's settlement demands, or proceeding in a case where Counsel for the opposing party refuses to communicate with the Defendant.

The following was sent to Counsel and is copied for the court's consideration:

> "After speaking with the Copyright Office, I have concerns about the legitimacy of the complaint. The registration is for the copyrighted work "Corbin Fisher Amateur College Men Down on the Farm." The name of the motion picture is simply "Down on the Farm." The DVD on shopcorbinfisher.com lists the name as "Down on the Farm" and it is referenced as "Down on the Farm" in all of your clients court complaints across the country. A search online of "Corbin Fisher Amateur College Men Down on the Farm" does not bring up any hits for the DVD other than the lawsuits that reference the Copyright Registration. Corbin Fisher's Twitter page refers to the DVD as "Down on the Farm." In case there is still any doubt about the correct name of the motion picture, a 2257 screen shot that was filed in another case states "The title of this production is: Down on the Farm." Some of the older DVD's for sale on the shopcorbinfisher.com site begin with the title "Corbin Fisher's Amateur College Men" but it appears that those are compilations of clips from the Amateur College Men website.
>
> The Copyright Office informed me that the title of the motion picture must be identified in the registration application exactly as it appears on the work, and that they generally don't "police" registrations to make sure they are compliant. They did, however, reiterate that the title needs to be exact so that it can be indexed properly and identifiable when searched. They directed me to Copyright Registration form PA which states
>
>> "If the copies or phonorecords of the work bear a title (or an identifying phrase that could serve as a title), transcribe that wording <u>completely and exactly</u> on the application. Indexing of the registration and future identification of the work will depend on the information you give here."
>
> The form also has a box where one can list an "alternative title," yet the registration does not list an alternative title of "Down on the Farm."
>
> When asked if a registration would be rejected based on this, I was again told that the name of the motion picture needs to be listed exactly as it appears on the work. This is in accordance 17 U.S.C. 409 which states "The application for copyright registration shall be made on a form

prescribed by the Register of Copyrights and shall include... the title of the work, together with any previous or alternative titles under which the work can be identified." This is also required by 37 CFR 202.3(c)(2) which states "The application shall contain the information required by the form and its accompanying instructions, and shall include a certification." As such, Corbin Fisher/Liberty Media Holdings should be fined under 17 U.S.C. §506(e) for falsely representing the name of the motion picture.

The problems with the incorrect title in the registration are evidenced by a basic title search on the Copyright.gov website for "Down on the Farm" narrowed down to the year 2010 which yields 5 results, none of which are the motion picture at issue in this complaint(see attached).

"Validity of registration is determined by compliance with the specific requirements of 17 U.S.C. § 409. It is important that the registration requirements be followed because the certificate describes what material is registered. Description of the copyrighted material in the application and copyright certificate is required in order to put the public on notice of what material is protected under the copyright laws." Grundberg v. The Upjohn Co (D. Utah 1991)

This was not an inadvertent mistake. Corbin Fisher/Liberty Media Holdings has an employee, John Mancini, who is specifically "tasked with documenting [Corbin Fisher's] copyrighted works, filing their copyright registration certificates, and maintaining copyright registration files."(Doc 12 in Case 3:11-cv-00651-IEG -JMA) The motion picture is one of the highest priced items available through Corbin Fisher and undoubtedly would have received greater care than other copyright registrations. The registration certificate has been included in numerous lawsuits handled by several experienced and knowledgeable copyright attorneys and has not been corrected or updated to reflect the correct title of the film. The registration is subject to cancellation pursuant to 37 CFR 201.7(c)(4)(v) since "The application and copy(s) ... do not match each other." This alone calls for dismissal of the suit. see Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ. Co., (S.D.N.Y. Sept. 27, 2010), Bean v. Houghton Mifflin Publ'g Co. (D. Alaska Sept. 21, 2010) Harcourt Publ'g Co. (D. Ariz. Aug. 9, 2010), Alaska Stock, LLC v. Houghton Mifflin Harcourt Publ'g Co. (D. Alaska Sept. 21, 2010)"

---

It is simply illogical to register a motion picture using a different title. The only possible explanation that Defendant could imagine came to light after viewing the publicly available preview of "Down on the Farm." The scenes from the preview seemed strikingly similar to a movie that Defendant came across while doing research for this case. The movie was released in 2004 by an adult pornographic company called Studio 2000. Oddly enough, Studio 2000's motion picture is

titled "Down on the Farm." While still not logical, this similarity may explain why Liberty chose to use a different title on the registration. It was not an inadvertent error either. To the best of Defendant's knowledge, Plaintiff has done nothing to correct the registration and Plaintiff has filed enough cases involving this motion picture to make any failure to do so completely intentional on their part.

Plaintiff's lack of legal compliance is further evident from the above mentioned preview video of "Down on the Farm" located on shopcorbinfisher.com (the video can be found by clicking on the DVD section and then selecting "Down on the Farm.") Plaintiff fails to comply with the notice requirements of 18 USC 2257 and more specifically 28 CFR 75. There is also no copyright notice affixed to the preview video and Defendant could not find one on the video packaging that is shown on the DVD's sale page.

A good amount of the website itself is in violation of 28CFR 75.6(b)(2)(e) since the 2257 statement for the website (which is located at the bottom of every page) is in size 7.5 font which is in light grey on a white background. It is not clearly visible unless the mouse is hovered over the text (at which point it turns a dark blue or black.) The regulation states "the required statement shall be displayed in typeface that is no less than 12-point type or no smaller than the second-largest typeface on the material and in a color that clearly contrasts with the background color of the material." The statement complies with 28 CFR 75(8)(d) in the new page that opens, but it once again defies logic (and fails to comply with the regulation) to have the link to the statement in a color that blends in with its background and is difficult to see. Defendant mentions this because it is his position the this company is well aware of the requirements of the law and chooses not to follow them. This company has hundreds of copyright motion pictures, most of them being scenes from their websites. The copyright registration in question is for one of their highest priced DVD's. This is not a new process for Liberty just like the requirements of 19 U.S.C. 2257 and the accompanying regulations are not new to them either. Plaintiff should not be allowed to proceed in this matter after they failed to follow the most basic requirements of the law. This failure defies common sense.

Defendant has numerous defenses including but not limited to never having downloaded the film "Down on the Farm." (Contrary to what Plaintiff's counsel claims I said;) copyright protection not being available due to the film's lack of originality and obscene content. Defendant will also ask the court to resolve whether Plaintiff has already recovered more than the statutory maximum provided by 17 U.S.C 504(c) since Plaintiff has proceeded on a theory that all members of a Bittorrent swarm are joint tortfeasors (see Bouchat v. Champion Prods., Inc.)

On a final note, Defendant is actively pursuing council that is within his financial means. Plaintiff is well aware that Dependent spoke with Attorney Jason Sweet about this matter, and Defendant had an acquaintance inquire about representation by Attorney Val Gurvits, but unfortunately could not afford his $450/hour fee.

Respectfully Submitted,

*[signature]*

Ryan Fraga
19 Cortes Street Apt 10
Boston, MA 02116

January 26, 2012