UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LIBERTY MEDIA HOLDINGS, LLC,

    Plaintiff,

vs.

RYAN FRAGA

    Defendant.

Civil Action No. 11-cv-11789

## ANSWER TO COMPLAINT

Defendant RYAN FRAGA hereby files this his Answer to Complaint and in furtherance thereof states:

1. Defendant RYAN FRAGA is without knowledge and therefor denies each and every allegation paragraphs 1, 3 through 6 through 8, 10 through 12, 14 through 16, and 20 through 24.

2. Defendant RYAN FRAGA denies each and every allegation in paragraphs 2, 17 through 19, and 25 through 28.

3. As the paragraph 9 of Plaintiff LIBERTY MEDIA HOLDINGS, LLC'S Complaint, Defendant RYAN FRAGA admits that his principal place of residence is at 19 Cortes Street Apt 10, Boston MA 02116.

4. As to paragraph 13 of Plaintiff LIBERTY MEDIA HOLDINGS, LLC'S Complaint, Defendant RYAN FRAGA denies each and every allegation. Counsel for Plaintiff did attempt countless times to contact Defendant before Plaintiff's complaint was filed. Upon finally speaking with one another, Defendant RYAN FRAGA was not advised to seek legal representation.

FRAGA did not admit to usage of BitTorrent downloads. Neither Defendant or Plaintiff's counsel made any mention of the particular motion picture, "Down on the Farm." Plaintiff's Counsel was seeking a settlement for FRAGA's alleged misconduct outside of court. Defendant RYAN FRAGA asked Plaintiff's counsel to stop calling him immediately, and that if there was any grounds behind the allegations of FRAGA's unlawful conduct, that he be served with appropriate paperwork.

## AFFIRMATIVE DEFENSES

1. Defendant did not engage in any act of infringement.
2. Defendant did not copy, download, upload, distribute, or reproduce any copies of the Motion Picture.
3. This court lacks jurisdiction over Defendant.
4. Plaintiff fails to state facts sufficient to constitute a cause of action against Defendant
5. Plaintiff does not hold a valid copyright registration and as such, cannot maintain a cause of action for Copyright Infringement.
6. Plaintiff has recovered more than the statutory maximum allowed under the copyright act from parties that Plaintiff alleges were joint tortfeasors with Defendant. Accordingly, Plaintiff is barred from seeking statutory damages. (Bouchat v. Champion Products, Inc., 327 F. Supp. 2d 537 - Dist. Court, D. Maryland) Spooner v. Egan; 2010 U.S. Dist. LEXIS 46332;(D. Me .May 11, 2010)
7. Defendant cannot be held liable for infringement committed by another.
8. Defendant's connection was not secured correctly despite Defendant's belief otherwise, and unknown parties were able to connect to Defendant's internet connection without his knowledge.
9. Plaintiff's claims are barred pursuant to the equitable theories of laches, unclean hands, estoppel, res judicata, claim preclusion and waiver.
10. Plaintiff failed to mitigate its damages.

## COUNTERCLAIM

### PARTIES

1. Upon information and belief, Liberty Media Holdings is a California limited liability company with a mailing address of 302 Washington Street, Suite 321, San Diego, CA 92103.

2. Counterclaim Plaintiff Ryan Fraga is an individual with a principal place of residence at 19 Cortes Street Apt 10, Boston, MA 02116.

### FACTUAL ALLEGATIONS

3. Liberty Media Holdings, by and through it's attorney Aaron Silverstein, called Counterclaim Plaintiff repeatedly and continuously in an attempt to intimidate Plaintiff into agreeing to a settlement for using bittorrent to download an unnamed film allegedly owned by Attorney Silverstein's client.

4. On a few occasions, Attorney Silverstein called Counterclaim Plaintiff several times a day and failed to leave a message.

5. Attorney Silverstein's actions were similar to an aggressive debt collector, in that calls were made repeatedly one after another.

6. Counterclaim Plaintiff was not provided with anything in writing that would allow Counterclaim Plaintiff to review the allegations with an attorney and have them respond on his behalf.

7. Liberty's attorney's actions invaded Counterclaim Plaintiff's right to privacy and solitude, and were a malicious and unethical attempt to force Counterclaim Plaintiff to settle.

### Count I:

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

8. Liberty Media Holdings, by and through their attorney, intentionally interfered with the solitude, seclusion and private affairs of Plaintiff, namely, by repeatedly and continuously calling Counterclaim Plaintiff with the intent to harass and annoy Counterclaim Plaintiff, and thereby invaded Counterclaim Plaintiff's privacy.

9. Liberty intentionally caused harm to Counterclaim Plaintiff's emotional well being by engaging in highly offensive conduct.

10. Counterclaim Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and private affairs,

11. The intrusion by Liberty occurred in way that would be highly offensive to a reasonable person in Counterclaim Plaintiffs position.

12. As a result of such intrusions and invasions of privacy and violations of M.G.L. c. 214 Section 1B, Plaintiff is entitled to actual damages in an amount to be determined at trial.

WHEREFORE, Counterclaim plaintiff, Ryan Fraga, respectfully requests that judgment be entered against Liberty Media Holdings for the following:

1. Actual damages resulting from Liberty's invasion of privacy and violations of state law in an amount to be determined at trial.

2. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

*Ryan Fraga*

Ryan Fraga
19 Cortes Street Apt 10
Boston, MA 02116

February 6, 2012