UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>RYAN FRAGA,<br><br>      Defendant. | Civil Action No. 11-cv-11789-WGY |

**OPPOSITION TO MOTION TO DISMISS**

The plaintiff, Liberty Media Holdings, LLC ("Liberty"), opposes the Motion to Dismiss[1] filed by defendant Ryan Fraga ("Defendant"). In its well-pled complaint, Liberty has made out valid claims for copyright infringement and contributory copyright infringement. Defendant's challenges do not go to the formal sufficiency of these claims, and thus they are not a proper basis for dismissal. Therefore, the Motion to Dismiss should be denied.

**BACKGROUND**

Liberty is the owner of the validly registered copyright for the motion picture *Corbin Fisher Amateur College Men Down on the Farm* (the "Motion Picture"). Without Liberty's consent, the Motion Picture has been made available on the BitTorrent file sharing protocol ("BitTorrent"), which has led to its rampant infringement.

---

[1] Liberty will treat Defendant's filing as a Fed. R. Civ. P. 12(b)(6) Motion for Failure to State a Claim. While possible, there is no cause to transform Defendant's filing into a Rule 56 Motion for Summary Judgment, as Defendant has not offered any actual evidence to support the allegations in his motion.

Defendant was identified as a subscriber whose assigned IP address was used to distribute its unlawfully copied digital files of the Motion Picture. When Liberty contacted him to discuss this infringement, he admitted to copying and distributing the Motion Picture, but claimed that such copying and distribution was lawful. Liberty thus filed the present lawsuit. Defendant initially defaulted (Dkt. 8), but has since answered and filed the present Motion to Dismiss (Dkt. 14).

## ARGUMENT

**I.     Applicable Legal Standard for a Rule 12(b)(6) Motion for Failure to State a Claim**

The purpose of a Rule 12(b)(6) motion for failure to state a claim is to test the formal sufficiency of the statement of the claim for relief. It is "not a procedure for resolving a contest between the parties about the facts or the substantive merits of plaintiff's case." 5B C. Wright & A. Miller, *Federal Practice and Procedure* § 1356 at 354 (2004 & 2011 Supp). The moving party has the burden of showing that no claim has been stated and the opposing party, while having the right to respond, has no obligation to do so. 2 J. Moore, *Moore's Federal Practice 3d* § 12.34[1][a] (2011) at 12-73, *citing Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.3d 1406, 1409 (3rd Cir. 1991).

When considering a Rule 12(b)(6) motion, the court "must accept plaintiff's factual allegations as true, drawing all reasonable inferences in plaintiff's favor." 2 J. Moore, § 12.34[i][b] at 12-76 *citing, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." 2 J. Moore § 12.34[1][a] at 12-73 *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2009).

Finally, in considering whether to dismiss, the court may consider nothing more than the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice. 2 J. Moore, § 12.34[2].

## II. Defendant Raises No Grounds to Dismiss Liberty's Complaint

In its Complaint, Liberty has made out valid claims for copyright infringement and contributory copyright infringement. Defendant does not challenge the formal sufficiency of these claims. Rather, he raises two objections: (1) that the copyright is invalid because the work is obscene and the title listed in the Copyright Registration is incorrect, and (2) that Defendant should not be liable for his infringement because Liberty has settled with other defendants in other lawsuits.[2] Neither objection is appropriate for a motion to dismiss; moreover, they are both erroneous.

### A. Liberty's Copyright Registration Is Valid and Defendant Has Submitted No Evidence to Rebut this Presumption

Liberty registered the copyright in its motion picture on August 27, 2010. *See* Complaint for Copyright Infringement, Ex. A. Thus, its copyright is presumed valid because "in any judicial proceeding the certificate of registration . . . shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c).

The validity of Liberty's copyright registration cannot be challenged on a Motion to Dismiss. Since the copyright registration is presumed valid, Defendant bears the burden of proof, and thus it is incumbent on the defendant to submit evidence to rebut the presumption. Any such evidence, however, would be outside the four corners of the complaint, and thus not an appropriate consideration for a Motion to Dismiss brought under Rule 12(b)(6).

---

[2] The issue defendant raises with respect to the notice requirements of 18 USC § 2257 is irrelevant to the copyright claims advanced in this lawsuit, and thus Liberty will not address it.

Moreover, even were it appropriate to consider Defendant's claims of copyright invalidity on a motion to dismiss, they would not be sufficient to overcome Liberty's statutory presumption of valid copyright ownership. His bald statements themselves are not evidence, and he submits no other evidence that would call into question the validity of Liberty's copyright. Indeed, the statutorily defined presumption of validity would be worthless if a party could overcome it merely by broaching an issue.

Given this presumption of validity, Defendant's line of argument regarding the obscenity of Liberty's works is a misdirection. It is established law that obscenity is not a defense to copyright infringement. *Jartech, Inc. v. Clancy*, 666 F.2d 403 (9th Cir. 1982); *Mitchell Bros. Film Group v. Cinema Adult Theater*, *1976 WL 21083* (N.D. Tex. 1976), rev'd, 604 F.2d 852 (5th Cir. 1979) *cert. denied*, 445 U.S. 917 (1980). This argument appears as part of a coordinated effort by copyright abolitionists to frustrate the ability of adult entertainment companies to enforce their copyright rights; a nearly identical claim was raised almost contemporaneously in a similar case pending before the Northern District of California. *Wong v. Hard Drive Prods., Inc.*, Case No. 5:12-cv-00469-HRL, First Am. Compl. (N.D. Cal. Jan. 31, 2012).

To avoid the consecutive re-litigation of this settled legal issue, this Court should issue a firm rebuke of this argument – even if something is obscene, its creator's creative efforts are rewarded with the full force and protection of the Copyright Act – any other result is an impermissible content-based restriction on government rights and protections. *Mitchell Bros.*, 604 F.2d at 863 ("the question of how to deal with the relationship between copyrights and obscenity is not best suited for case-by-case judicial resolution but is instead most appropriately

resolved by legislatures. Congress has not chosen to refuse copyrights on obscene materials, and we should be cautious in overriding the legislative judgment on this issue").

Even if the obscenity of the works were validly in question, it is an issue that is improper for a motion to dismiss. "The question of obscenity is inherently a fact-sensitive inquiry that is highly dependent upon both the individual work and the governing community standards." *Nova Prods., Inc. v. Kisma Video, Inc.*, 2004 WL 2754685, *2 (S.D.N.Y. 2004) (holding that the issue of obscenity was for trial).[3]  As the obscenity of the work is a question of fact, not law, it is a question for the jury, rather than the Court, if it is to be considered at all.

With respect to the title of the work, even if there is an error, such an error was inadvertent and immaterial.  "It is well established that immaterial, inadvertent errors in an application for copyright registration do not jeopardize the validity of the registration." *Data General Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1161 (1st Cir. 1994) (abrogated on other grounds).  Whether Liberty's Motion Picture is entitled *Corbin Fisher Amateur College Men Down on the Farm* or just *Down on the Farm* does not affect the copyrightability of Liberty's original motion picture itself, and thus the title is not material to the Copyright Office's grant of the registration.  *See Gallup, Inc. v. Kenexa Corp.*, 149 Fed. Appx. 94, 96 (3rd Cir. 2005) (holding that an error is only material "if it concerns the copyrightability of the work"); *Data General Corp.*, 36 F.3d at 1161 (holding that minor errors in the deposit copy were not material); *Urantia Foundation v. Maahera*, 114 F.3d 955, 963 (9th Cir. 1997) ("These cases

---

[3]  It is Liberty's position that the Motion Picture is not obscene and that pornography is a fully appropriate, fully protected area of copyright. *See Mitchell Bros. Film Group v. Cinema Adult Theatre*, 604 F.2d 852 (5th Cir. 1979) (holding that copyright law does not exclude protection for obscenity.  "Such restrains . . . would be antithetical to promotion of creativity. The pursuit of creativity requires freedom to explore into the gray areas, to the cutting edge, and even beyond.").  Liberty therefore reserves the right to address on a full record the issue of the copyrightability of pornography raised by the Court in *Liberty Media Holdings, LLC v. AE3 Swarm*, 11-10802-WGY, Memorandum of Oct. 31, 2011, n.2.

generally do not require perfection, but instead base their analyses on principals of fair and non-formalistic administration of the copyright laws").

In addition, the cases relied upon by Defendant do not support the proposition that an error in the title is material to the copyright registration. Indeed, most of the cases do not even address the validity of copyright registrations, but rather whether a valid registration in a compilation – a distinct type of work under 17 U.S.C. § 101 – extends to the works it incorporates. *See e.g.*, *Alaska Stock, LLC v. Houghton Mifflin Harcourt Pub. Co.*, 2010 WL 3785720 (D. Alaska 2010) (registration of compilation of photographs images does not support infringement action for the individual photographs); *Bean v. Houghton Mifflin Harcourt Pub. Co.*, 2010 WL 3168624 (D. Ariz. 2010) (same).[4]

**B.    Liberty Is Entitled to an Injunction and to Recover the Damages Caused by Defendant's Infringement**

In its Comlaint, Liberty has made out claims for copyright infringement and contributory copyright infringement (Dkt. 1).. Thus, when these claims are proven at trial, it is entitled to enjoin future infringements by Defendant, and it is entitled to recover its choice of actual damages or the statutory damages provided by 17 U.S.C. § 504(c). Defendant cannot escape the liability for <u>his</u> infringement merely because other people in other lawsuits infringed the same Motion Picture via BitTorrent, acknowledged their infringement, and resolved their claims extrajudicially.

---

[4] *Grundberg v. Upjohn Co.*, 137 F.R.D. 372 (D. Utah 1991), which is cited by Defendant, is a factually unique case that is clearly distinguishable from the present circumstances. In *Grundberg*, the defendant in a products liability case registered a copyright in its 90,000 page discovery production, and then counter-sued the plaintiff for copyright infringement to enjoin plaintiff from disclosing or using the documents at trial. Unsurprisingly, the court found fault with this strategy, including rampant and incurable material errors in the copyright registration. The rampant errors in *Grundberg* were material; whether the title of Liberty's motion picture should include the series name is not.

6

Defendant, however, appears to be taking the position that he should not be held accountable for his infringement because he is jointly and severally liable with other members of the BitTorrent swarm. At the very least, whether Defendant's infringement is separate or joint and several is an issue steeped in complex questions of fact, and thus inappropriate for a Motion to Dismiss. Liberty anticipates that this question will turn on the technical architecture of BitTorrent, and the wide ranging policy implications of the ruling. In both cases, the Court and the parties will benefit from a fully developed record, which may inure to the Defendant's benefit and actually reduce his total liability. *See Building Officials & Code Adm. Intern., Inc. v. Code Tech., Inc.*, 628 F.2d 730, 736 (1st Cir. 1980) (remanding a novel issue of copyright law for decision on a full record).

In any event, Defendant's theory is not in line with the language or policy of Section 504(c). This section provides that "the copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages <u>for all infringements involved in the action</u>, with respect to any one work, for which the infringer is liable individually, or for which any two or more infringers are liable jointly and severally. . . ." 17 U.S.C. § 504(c) (emphasis added). The only "infringements involved in the action" are Defendant's, and there are no other defendants named with whom he can be joint and severally liable. Thus, by the plain reading of the statute, Defendant cannot escape his liability in the present suit, as it is only his actions at issue as a potential source of liability.

Moreover, holding Defendant responsible for his infringements comports with the goals of the Copyright Act's provisions for statutory damages, which are to deter future infringement, as well as to compensate Liberty for the harm the infringement caused. *See F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228 (1952) ("The statutory rule, formulated after long

experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct. The discretion of the court is wide enough to permit a resort to statutory damages for such purposes. Even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy");

*Vegas-Hernandez v. Sonolux* Records, 370 F.3d 183, 195 (1st Cir. 2004) (citing deterrence of willful infringements as a purpose of the statutory damages award).

Deterrence is particularly important in this case and others like it.  A BitTorrent swarm cannot be killed, it can only be deterred.  There is no central authority for an injunction to halt ongoing infringement, and it is simply not possible to enjoin thousands of individual peers fast enough to even decelerate the infringement.  Thus, the deterrent effect of a substantial statutory damages award is the only feasible way to put a dent into the rampant infringement conducted over BitTorrent.

Far from deterring copyright infringement, Defendant's position that all members of a BitTorrent swarm are jointly and severally liable would have the perverse effect of <u>encouraging</u> further massive infringement.  Indeed, if 10,000 people copy and distribute the file, each one would only effectively be liable for $150.  If 100,000 people copy and distribute, the exposure decreases to $1.50, and so on.[5]  Furthermore, the swarm does not simply stop its infringements simply because Liberty has collected the statutory maximum damages.  The end result would be that after enough people had paid their token share into Liberty's $150,000.00 maximum award, everyone who uses BitTorrent would be free to infringe Liberty's work, without risk, into perpetuity.

---

[5] As a practical matter, the resolution of a jointly and severally liable swarm would be even less equitable, as a handful of individual infringers would be left holding the bag, while the vast horde gets off scott-free.

**III.     Conclusion**

      Liberty's complaint makes out valid and cognizable claims for copyright infringement. Therefore, Liberty respectfully requests that Defendant's Motion to Dismiss be denied.

Dated: February 9, 2011            Respectfully submitted,

LIBERTY MEDIA HOLDINGS, LLC

By its attorneys,

/s/ Aaron Silverstein
Aaron Silverstein, Esq.
(BBO #660716)
SAUNDERS & SILVERSTEIN LLP
14 Cedar Street, Suite 224
Amesbury, MA 01913
P: 978-463-9100
F: 978-463-9109
E: asilverstein@massiplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the above referenced date, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

                                                       /s/ Aaron Silverstein
                                                       Aaron Silverstein