## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| LIBERTY MEDIA HOLDINGS LLC | ) | |
| | ) | |
| *Plaintiff*, | ) | CIVIL ACTION |
| | ) | CASE NO. 1:11-cv-11789-WGY |
| v. | ) | |
| | ) | **MOTION FOR ADMINISTRATIVE** |
| RYAN FRAGA | ) | **RELIEF FOR ORDER TO ALLOW** |
| | ) | **DEPOSITIONS VIA SKYPE OR OTHER** |
| *Defendant*. | ) | **FORM OF DISTANCE VIDEO** |
| | ) | |
| _____ | ) | |

## <u>INTRODUCTION</u>

Defendant Ryan Fraga by his undersigned counsel, respectfully requests that the Court grant administrative relief to allow the Defendant to conduct depositions on the Plaintiff's witnesses via Skype or, on agreement of the parties, another form of distance video. In the alternative, Mr. Fraga requests that he be allowed to conduct depositions via telephone.

This case as a whole presents troubling issues of disparity between Liberty Media and the defendants, a gross imbalance of power, resources and, here, even geography. In an attempt to right a sliver of this imbalance, Mr. Fraga asked Liberty Media to stipulate to allowing depositions of Liberty Media's witnesses via Skype, since most of Liberty Media's witnesses appear to be located in San Diego. Specifically, Mr. Fraga proposes that a court reporter be stationed with the witness while the deposition is conducted at the venue of the witness's choice and at the office of Perry, Krumsiek & Jack LLP in Boston.

Unfortunately, Liberty Media refuses to stipulate to this request. In an email to Mr. Fraga's counsel sent at 7:35 a.m. on March 20, 2012, counsel for Liberty Media stated: "We do

1

not believe that Skype depositions are reliable or proper. I use Skype on a daily basis and based on this experience I can tell you that it is not 100% reliable, especially when it comes to video." When Mr. Fraga's counsel reminded Liberty Media's counsel that the court reporter would be stationed with the deponent, Liberty Media's counsel gave a nonsubstantive response.

Accordingly, Mr. Fraga is left with no option but to turn to the Court for relief.

## **LEGAL DISCUSSION**

Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that the parties in a dispute may stipulate – or a court may, upon motion, order – that a deposition may be taken by telephone or other remote means.  The costs of travel to California for depositions are unaffordable to a defendant such as Mr. Fraga, who is a college student.  As such, an in-person deposition is entirely out of reach.  A telephone deposition is, obviously, a permitted alternative and leave to take a telephone deposition is granted liberally. *Brown v. Carr*, 253 F.R.D. 410, 432 (S.D.Tex. 2008).  The disadvantage of a telephone deposition, however, is that the deposing attorney is deprived of the critical information to be gleaned from observing the deponent's mannerisms and movements.  Thus, a deposition using new technology such as Skype is a viable substitute for a live deposition.  Because the desire to save money is a reasonable cause to depose an out-of-state party by remote means, the burden shifts to the opposing party to show how they would be prejudiced. *Id*. at 472, citing *Cressler v. Neuenschander*, 170 F.R.D. 20, 21 (D.Kas. 2006); *see also, Connor v. Rodriguez*, No. CIV-10-512 WJ/WDS (D. NMex. Feb. 4, 2011).

Courts support experimentation in new methods of recording depositions.  *See Rice's Toyota World v. Southeast Toyota Distributors*, 114 F.R.D. 647 (MD NC 1987)(the court also refused to limit video depositions at trial since party was not requesting that a regular court

reporter be dispensed with, thus safeguarding against risks); *Balu v. Costa Crociere S.P.A.*, 2011 WL 3359681 at *2 (S.D. Fla. Aug. 3, 2011)("[I]n the modern age these types of disputes [over deposing distant witnesses located far away] are usually not necessary because depositions are now readily taken inexpensively by internet video (e.g., Skype)"); *Moody v. Center for Women's Health PC*, 998 A.2d 327, 336 (D.C. Ct. Appeals 2010)(taking judicial notice of Skype as an inexpensive means of taking a deposition).

Thus, although this appears to be an issue of first impression in this District, courts nationally appear to embrace this new technology as a means of greatly reducing litigation costs with minimal risk to the deponent.

### EFFORTS TO RESOLVE THIS ISSUE

On Monday, March 13, 2012 Counsel for Mr. Fraga requested that Liberty Media consent to a stipulation on this issue and gave counsel until Friday, March 28 to decide.  On Friday, Plaintiff's counsel stated that he did not understand the rationale for the request, and Defendant's counsel clarified his reasons.  Mr. Silverstein then stated he needed to consult with his client on the issue.

On Tuesday, March 20, Mr. Silverstein rejected the request, stating that he did not believe that Skype depositions are "reliable or proper."  Counsel for Mr. Fraga pointed out in a reply email that a court reporter would be present with the deponent to record the deponent's testimony live and asked whether this was Mr. Silverstein's final word on the issue.  Mr. Silverstein replied that if Mr. Fraga sincerely wished to preserve resources, he would not have rejected alternative dispute resolution. As a last attempt to persuade Mr. Silverstein, at 10:20

a.m. on March 20, Counsel for Mr. Fraga then presented the instant motion to Mr. Silverstein for his review prior to filing with the Court 24 hours later.  All these efforts were unavailing.

## **RELIEF REQUESTED**

Mr. Fraga respectfully seeks, and so moves the Court, for an order from the Court permitted the taking of depositions via remote means (i.e., Skype and/or telephone) with a court reporter stationed with the deponent.

Respectfully submitted,

/s/  Timothy Cornell

Boston, Massachusetts
March 21, 2012

Timothy Cornell  (BBO#654412)
Perry, Krumsiek & Jack LLP
101 Arch Street
Boston, MA 02110
(617) 720-4300
tcornell@pkjlaw.com

*For Defendant Ryan Fraga*

**CERTIFICATION PURSUANT TO LOCAL RULE 7(1)(A)(2)**

Counsel for Defendant Ryan Fraga certifies that in accordance with Local Rule 7.1(A)(2), he contacted counsel for the Plaintiff Liberty Media, attorney Aaron Silverstein, via email on March 12, March 16 and March 20 regarding the request for stipulation and there does not appear to be any way to narrow the issues.

Respectfully submitted,

/s/  Timothy Cornell_____

Boston, Massachusetts                    Timothy Cornell  (BBO#654412)
March 21, 2012                           Perry, Krumsiek & Jack LLP
                                         101 Arch Street
                                         Boston, MA 02110
                                         (617) 720-4300
                                         tcornell@pkjlaw.com

*For Defendant Ryan Fraga*


**CERTIFICATION OF SERVICE**

I, Timothy Cornell, certify that this document filed through the ECF system will be sent electronically to the opposing counsel on the Notice of Electronic Filing.

Respectfully submitted,

 /s/  Timothy Cornell_____

Boston, Massachusetts                    Timothy Cornell (BBO#654412)
March 21, 2012                            Perry, Krumsiek & Jack LLP
                                          101 Arch Street
                                          Boston, MA 02110
                                          (617) 720-4300
                                          tcornell@pkjlaw.com

5