UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

LIBERTY MEDIA HOLDING

The PLAINTIFF                    2011 CV 11789

Versus.

FRAGA

The DEFENDANT

MOTION IN SUPPORT OF FRAGA'S MOTION TO DISMISS

"Section 411(a) is a mandatory prerequisite to suit that should be strictly enforced when raised by a party" or "should be raised sua sponte by the District Courts"(brief of the United States in Reed Elsevier, Inc. v. Muchnick which is attached in part). In Reed Elsevier v. Muchnick, the Supreme Court explicitly held that "Section 411(a)'s registration requirement is a precondition to filing a copyright infringement claim." The court is asked to address Fraga's previously filed contest of the validity of the registration as this will have widespread importance. Plaintiff's copyright registration incorrectly identifies the film in question, and according to the Copyright Office guidelines("Compendium II: Copyright Office Practices"), the work would not have been registered until the

application listed the correct Title and was in proper form. The Title of the Work named in Plaintiff's copyright registration is "Corbin Fisher Amateur College Men Down on the Farm." The Title appearing on the work itself is "Down on the Farm." The relevant text of the Compendium referring to the Title as "not immaterial" is below.

**605 Examination process.** When the Copyright Office determines that the material deposited constitutes copyrightable subject matter and that the other <u>legal and formal requirements of the copyright law have been met</u>, it will register the claim and send to the applicant a certificate of registration under the seal of the Copyright Office. See 17 U.S.C. 410(a)

......

**605.02 Examination process: variances.**

A variance exists when contradictory information is present in the registration materials.

**605.02(a) Variances: disregard.**

Where the variance is immaterial, the Copyright Office will disregard it.

Example:

The application names John Thomas James as author. The phonorecords deposited for registration give the author's name, as Jon T. Thomas. The Copyright Office will accept the application.

**<u>605.02(b) Variances: annotate.</u>**

Where the variance is <u>not immaterial</u> but <u>can be resolved</u> for the purposes of registration, the Copyright Office will annotate the application to show the varying information.

**<u>Examples:</u>**

1) The <u>title of the work</u> on the phonorecord deposited for registration is "The Quick Brown Fox. II The application gives the title as "The Brown Quick Fox." The Copyright Office will annotate the application to reflect the title appearing on the phonorecords.

<u>2) The <u>title on the copies</u></u> is "On Nuclear Rearmament"; the application gives the title as, "No Nuclear Rearmament." The Copyright Office will annotate the application to reflect the title appearing on the copies.

The copyright office is clear that they are not required to make the annotation.  section 613.04  "Any title variance, including minor typographical errors, will be annotated at the option of the Office"

The government also goes on and says "Registration of creative works confers significant benefits on the Library of Congress and the public. See H.R. Rep. No. 7083, 59th Cong., 2d Sess. 8 (1907) (registration requirement in the 1909 Copyright Act was enacted "[f]or the protection of the public itself")... Registration also enables the Copyright Office to compile a public record of copyright claims, and the deposited copies provide definitive evidence of what the work was at the time of registration." "(brief of the United States in Reed Elsevier, Inc. v. Muchnick)

This work isn't properly registered. The instructions to register copyrights online couldn't be clearer



The reason for this is obvious. If you register it with the Title used on the work, the registration will found when searched by that Title. Liberty should not be rewarded for their disregard for the integrity of the copyright catalog. The court may raise this issue on its own motion, and it is asked that it please do so if it cannot do so based on my motion.

Also, since Plaintiff argued it at length it should be noted that most of the rights under the Copyright Act(reproduction, public display, distribution, etc) would not be available to an author of an obscene work since acting upon those rights would be a criminal act under 18 USC 71. Plaintiff argues that denying copyright registration of an obscene work is "impermissible content-based restriction on government rights and protections." This would imply that child pornographers could register their videos of abuse and sue other pedophiles that download their videos on peer to peer networks and collect money from lawsuits while they sit in prison. Why not throw bestiality videos in the mix as well? This should not sit well with the court.

Respectfully,

John Doe

***While I am not a named Defendant in this case, my IP address was allegedly identified in another one of Liberty Media's cases regarding this film. I am filing this motion with this case since my case was dismissed without prejudice because of joinder issues and Fraga's case is the only one that I am aware of that is questioning the validity of the registration. I also please ask that the court permit me to file this anonymously since I would become a prime target by Plaintiff if my personal information is provided. I am mailing this document to someone in Massachusetts and having it mailed again from there to

avoid disclosing any information that would lead to Plaintiff targeting me. I believe I have a right to file this for two reasons:

1. The government's own argument states that the court should usually address issues like this when raised by the defendant. This represented the Copyright Office and Trademark Office's positions.

2. Defendants in Copyright Actions involving bittorrent swarms are liable for damages jointly and severally for each work even if they are named in separate actions.(see for example McClatchey v. Associated Press (W.D. PA)) Plaintiff will insist that they should be able to recover $150,000 from each defendant separately but that case and the Bouchat case cited by Fraga are right on point. The Patent Trademark and Copyright Journal also addressed this and is attached since they explain it clearer than I will.

"Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which <u>any</u> two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just." 17 USC 504