## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| LIBERTY MEDIA HOLDINGS,LLC | ) | |
| | ) | |
| _Plaintiff_, | ) | CIVIL ACTION |
| | ) | CASE NO. 1:11-cv-11789 |
| v. | ) | |
| | ) | |
| RYAN FRAGA | ) | |
| | ) | |
| _Defendant._ | ) | |
| | ) | |
| _____ | ) | |

## MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANT RYAN FRAGA'S MOTION TO DISMISSS ALL CLAIMS

## MOTION TO SUPPORT DEFENDANT RYAN FRAGA'S MOTION TO DISMISS ALL CLAIMS

Defendant Ryan Fraga, by and through his undersigned counsel Timothy Cornell respectfully moves the court to dismiss the action against it in its entirety in accordance with either Rules 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff is barred from bringing a federal copyright claim unless it has preregistered or registered the work at issue with the U.S. Copyright Office. The work here, "Down on the Farm," has not been so registered. Consequently, this Court lacks jurisdiction over this matter and the Complaint fails to state a claim upon which relief can be granted. The grounds for this Motion are more fully set forth in the Memorandum submitted below in support of this Motion.

Wherefore, Defendant Ryan Fraga respectfully requests this Court dismiss the Complaint in its entirety and enter such other and further relief as the Court deems just and proper.

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT RYAN
## FRAGA'S MOTION TO DISMISS THE COMPLAINT

Defendant Ryan Fraga, by and through his undersigned counsel, respectfully submits this Memorandum of Law in support of his Motion to Dismiss the Complaint of Plaintiff Liberty Media Holdings, LLC ("LM") pursuant to Federal Rule of Civil Procedure 12(b)(6) or Rule 12(b)(1).

## INTRODUCTION

LM is a producer and distributor of adult films, which it markets through its brand name "Corbin Fisher." LM has accused Mr. Fraga of illegally downloading and then sharing its motion picture titled "Down on the Farm," as described in the Complaint. Contrary to the allegations in the Complaint, however, this title is not registered with the United States Copyright Office. Accordingly, Plaintiff fails to state a valid cause of action either for copyright infringement and for contributory copyright infringement and this action must be dismissed.

## I. BACKGROUND ON COPYRIGHT

Simply put, LM alleges that an Internet Protocol (or "IP") address assigned to Fraga's Internet access account by his Internet Service Provider was used to share LM's film that was titled "Down on the Farm". Compl. ¶ 1. LM claims the title - "Down on the Farm" - was registered with the United States Copyright Office under registration number PA 1-698-357. Compl. Ex. 1. This claim is wrong.

The claimed title does not correspond with the title actually listed by the Copyright Office for registration number PA 1-698-357: "Corbin Fisher Amateur College Men Down on the Farm." Worse for LM, the U.S. Copyright Office's database fails to show any registration at all in LM's name for "Down on the Farm," the title Fraga is accused of downloading. As explained below, without a valid copyright registration for "Down on the Farm," LM's claims for both copyright infringement and contributory copyright infringement must be dismissed for failure to state a cause of action or lack of jurisdiction.

## II. ARGUMENT

### A.  Standard of Review

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) if it fails to state a claim upon which relief can be granted. When deciding a 12(b)(6) motion, the Court accepts as true the complaint's well-pleaded factual allegations, drawing all reasonable inferences in the plaintiff's favor. *Fitzer v. Security Dynamics Technologies, Inc.*, 119 F.Supp. 2d 12, 18 (D.Mass. 2000). Along with the allegations raised in a complaint, a court deciding a motion to dismiss under Rule 12(b)(6) may also consider documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint. *Alternative Energy v. St. Paul Fire*, 267 F.3d 30, 35 (1st Cir. 2000). A district court is further permitted to consider the full text of documents that are incorporated in the complaint by reference or that are "integral" to the complaint. *Clorox Co. P.R. v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir.2000).

With regard to a 12(b)(1) motion, the party asserting subject matter jurisdiction bears the burden of proving that the court has jurisdiction over the claims. *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir.1998). A district court has "very broad discretion in determining the

manner in which it will consider the issue of jurisdiction." *Valedon Martinez v. Hospital Presbiteriano de la Comunidad, Inc.*, 806 F.2d 1128, 1132 (1st Cir.1986).  In deciding a motion to dismiss, a district court may consider whatever evidence has been submitted, such as exhibits. *Aversa v. U.S.*, 99 F.3d 1200, 1209-10 (1st Cir.1996).

**B.     Without a Valid Copyright Registration for the Work at Issue, Plaintiff's Copyright Causes of Action Must be Dismissed**

*1.   A claim for copyright infringement and contributory infringement requires a valid copyright*

To prevail on a claim of copyright infringement, a plaintiff is required to prove (1) ownership of a valid copyright in that work and (2) the unauthorized copying of elements of the work that are original. *Data General v. Grumman Equip. Support Corp.*, 825 F.Supp. 240, 354 (D. Mass. 1993); *Motta v. Weiser, Inc.*, 768 F.2d 481, 483 (1st Cir.), cert. denied, 474 U.S. 1033 (1985). Contributory infringement requires that one intentionally induce or encourage direct infringement. *Metro Goldwyn Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)

Accordingly, an essential element in LM's claims for both copyright infringement and contributory copyright infringement is the existence of a valid copyright. Without it, these claims must be dismissed.

*2.   A valid copyright requires valid registration with the U.S. Copyright Office*

Black letter, unavoidable law holds that no civil action for infringement of copyright in a United States work may be instituted until preregistration or registration of the copyright claim has been made in accordance with the federal copyright law. 17 U.S.C. § 411(a); *see also Torres Negron v. J&S Records*, 504 F3d 151, 156 (1st Cir. 2007); *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1160 (1st Cir.1994) ("[R]egistration of the

copyright is a prerequisite to suit under the Copyright Act."). This requirement is often described as a jurisdictional one. *Torres Negron v. J&S Records*, 504 F3d at 156; *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 365 (5th Cir.2004).

> 3.   *Liberty Media Lacks Copyright Registration for the "Down on the Farm," the Work Allegedly Infringed Upon*

Contrary to its allegations in the Complaint, LM has never registered the motion picture at issue in this case. According to the Complaint, the allegedly infringed film is titled "Down on the Farm." Compl. ¶ 1. But a thorough search of the U.S. Copyright Office database through more than 1,200 works registered by LM produced no results for any filings under LM's name for "Down on the Farm."

The registration number cited in Exhibit 1 to the Complaint - PA 1-698-357 – has nothing to do with the title in the Complaint. Rather, it relates to a second title: "Corbin Fisher Amateur College Men Down on the Farm." The Complaint does not claim that Fraga has infringed this second work.

The Plaintiff has been aware of this issue since at least January 14, 2012, when Mr. Fraga filed a motion to dismiss with this Court in which he raised this issue. *See* Docket Entry 14. On June 8, 2012, Cary Tabora, a defendant in a similar case brought by LM in the Southern District of New York, lodged a motion to dismiss also pointing out LM's failure to register. *See Liberty Media v. Tabora*, 12 Civ 2234 (S.D.N.Y. July 9, 2012)(granting motion to dismiss because no copyright registration exists for "Down on the Farm"). Yet LM has continued to perpetuate before this Court the notion that "Down on the Farm" is a registered work.

LM's claims for copyright infringement and contributory copyright infringement of "Down on the Farm" are thus based on the alleged infringement of an unregistered work.

Because this title has never been registered with the U.S. Copyright Office, LM cannot allege that it has "ownership of a valid copyright in a work," and, thus, lacks the first element of a cause of action for both copyright infringement and contributory copyright infringement. Accordingly, LM's two causes of action must be dismissed.

## CONCLUSION

LM's claims for copyright infringement and contributory copyright infringement should be dismissed because no copyright registration for the title at issue exists. Accordingly, either there is no basis on which to state a claim or the court lacks jurisdiction to hear this case. Respectfully submitted,

July 20, 2012
Boston, Massachusetts

/s/ Timothy Cornell_____
Timothy Cornell
Perry, Krumsiek & Jack LLP
101 Arch Street
Boston, MA 02110
tcornell@pkjlaw.com
(617) 720-4300

*Counsel for Defendant Ryan Fraga*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

In accordance with Local Rule 7.1(A)(2), I, Timothy Cornell, attorney for the defendant Ryan Fraga, hereby certify that I have conferred with counsel for the plaintiff, Aaron Silverstein, to resolve the issues raised in the attached Motion to Dismiss, but we were unable to resolve these issues.

July 20, 2012
Boston, Massachusetts

_____/s/ Timothy Cornell_____
Timothy Cornell
Perry, Krumsiek & Jack LLP
101 Arch Street

Boston, MA 02110
tcornell@pkjlaw.com
(617) 720-4300

*Counsel for Defendant Ryan Fraga*

## CERTIFICATE OF SERVICE

I, Timothy Cornell, attorney for the defendant Ryan Fraga, hereby certify that on July 20, 2012, I electronically transmitted the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FRAGA'S MOTION TO DISMISS THE COMPLAINT to the Clerk's Office using the ECF System for filing and transmittal to counsel for plaintiff.

 /s/ Timothy Cornell
Timothy Cornell