UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>RYAN FRAGA,<br><br>            Defendant. | Civil Action No. 11-cv-11789-FDS |

**OPPOSITION TO MOTION TO DISMISS**

The plaintiff, Liberty Media Holdings, LLC ("Liberty"), opposes the Motion to Dismiss filed by defendant Ryan Fraga ("Defendant"). In its well-pled complaint, Liberty has made out valid claims for copyright infringement and contributory copyright infringement. Defendant's challenges do not go to the formal sufficiency of these claims, and thus they are not a proper basis for dismissal. The Motion to Dismiss should be denied.

**BACKGROUND**

Liberty is the owner of the validly registered copyright for the motion picture *Corbin Fisher Amateur College Men Down on the Farm* (the "Motion Picture"). Without Liberty's consent, Defendant distributed the film on the BitTorrent file sharing protocol ("BitTorrent"), which has led to its rampant infringement. Liberty thus filed the present lawsuit. Defendant initially defaulted (Dkt. 8), but has since obtained counsel, answered, and filed the present Motion to Dismiss (Dkt. 33).

# ARGUMENT

**I.      Applicable Legal Standard for a Rule 12(b)(6) Motion for Failure to State a Claim**

When considering a Rule 12(b)(6) motion, the court "must accept plaintiff's factual allegations as true, drawing all reasonable inferences in plaintiff's favor." 2 J. Moore, § 12.34[i][b] at 12-76 *citing, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." 2 J. Moore § 12.34[1][a] at 12-73 *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2009).

Furthermore, as the Defendant noted, district courts are permitted to consider the full text of documents incorporated into the complaint by reference when ruling on a Motion to Dismiss. *Colorox Co. P.R. v. Proctor & Gamble Commerical Co.*, 228 F.3d 24, 32 (1st Cir. 2000). District courts can also consider whatever evidence has been submitted. *Aversa v. U.S.*, 99 F.3d 1200, 1209-10 (1st Cir. 1996).

**II.     Defendant Raises No Grounds to Dismiss Liberty's Complaint**

Liberty made out valid claims for copyright infringement and contributory copyright infringement.  Defendant does not challenge the formal sufficiency of these claims.  Rather, he objects to the naming convention used in the official filings with the United States Copyright Office, claiming that the title listed in the Copyright Registration is incorrect.  This objection is neither appropriate for a motion to dismiss, nor correct.

   **A.     Liberty's Copyright Registration Is Valid and Defendant Has Submitted No
           Evidence to Rebut this Presumption**

With respect to the title of the work, even if there is an "error," such an error was inadvertent and immaterial.  "It is well established that immaterial, inadvertent errors in an application for copyright registration do not jeopardize the validity of the registration." *Data*

*General Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1161 (1st Cir. 1994) (abrogated on other grounds).  Use of shorted versions of movie titles is a common practice.  For example, very few people ever call "Star Wars" "Star Wars; Episode IV, A New Hope."  The Defendant's objection is pedantical and weightless.  Whether Liberty's Motion Picture is entitled *Corbin Fisher Amateur College Men Down on the Farm* or just *Down on the Farm* does not affect the copyrightability of Liberty's original motion picture itself, and thus the title is not material to the Copyright Office's grant of the registration, nor for the Plaintiff invoking it.  *See Gallup, Inc. v. Kenexa Corp.*, 149 Fed. Appx. 94, 96 (3rd Cir. 2005) (holding that an error is only material "if it concerns the copyrightability of the work"); *Data General Corp.*, 36 F.3d at 1161 (holding that minor errors in the deposit copy were not material); *Urantia Foundation v. Maahera*, 114 F.3d 955, 963 (9th Cir. 1997) ("These cases generally do not require perfection, but instead base their analyses on principals of fair and non-formalistic administration of the copyright laws").

In addition, the cases relied upon by Defendant do not support the proposition that an error in the title is material to the copyright registration.  Indeed, most of the cases do not even address the validity of copyright registrations, but rather whether a valid registration in a compilation – a distinct type of work under 17 U.S.C. § 101 – extends to the works it incorporates.  *See e.g.*, *Alaska Stock, LLC v. Houghton Mifflin Harcourt Pub. Co.*, 2010 WL 3785720 (D. Alaska 2010) (registration of compilation of photographs images does not support infringement action for the individual photographs); *Bean v. Houghton Mifflin Harcourt Pub. Co.*, 2010 WL 3168624 (D. Ariz. 2010) (same).

      B.    *Iqbal/Twombly* **Standard**

The *Tombly/Iqbal* standard requires a plaintiff to plead something more than mere "labels and conclusion."  A defendant should be held to the same standard and should not be able to

assert a defense, hoping to find at a later date some fact that supports the defense.  In this instance, Defendant has not set forth sufficient facts in support of his assertion that Plaintiff's copyright is invalid.  "The recent Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, clarified the pleading specificity standard, explaining that 'a formulaic recitation of the elements of a cause of action will not do' and that '[f]actual allegations must be enough to raise a right to relief above the speculative level.'"  *T-Mobile USA, Inc., v. Wireless Exclusive USA, LLC*, 2008 WL 2600016 (N.D. Tex. 2008) (internal citation omitted). Defendant fails to allege sufficient factual allegations to back up the assertion that the copyright is invalid.

### III.   Conclusion

Liberty's complaint makes out valid and cognizable claims for copyright infringement and contributory infringement.  Therefore, Liberty respectfully requests that Defendant's Motion to Dismiss be denied.

Dated: August 2, 2012                                   Respectfully submitted,

                                                              LIBERTY MEDIA HOLDINGS, LLC

                                                              By its attorneys,

                                                              /s/ Aaron Silverstein
                                                              Aaron Silverstein, Esq.
                                                              (BBO #660716)
                                                              SAUNDERS & SILVERSTEIN LLP
                                                              14 Cedar Street, Suite 224
                                                              Amesbury, MA 01913
                                                              P: 978-463-9100
                                                              F: 978-463-9109
                                                              E: asilverstein@massiplaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2012, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

    /s/ Aaron Silverstein
    Aaron Silverstein